MARTHA M. TOMPKINS v. HARVEY J. HOLLISTER, AND THE
FIRST NATIONAL BANK OF GRAND RAPIDS.

[See 60 Mich. 470.]

*Life insurance money—Payment from of note signed by husband and wife—
Given for money received by husband and his family, when their needs
were pressing—If paid by wife after husband's death, without undue
influence, such payment voluntary.*

Complainant and her husband executed a note to defendant Hollister,
to secure money *due* the latter, and money *thereafter to be advanced
by him for the benefit of her husband and their family*; and it was un-
derstood and intended *by her* and *her* husband (who was then sick)
that the note was to be paid from the insurance money *she* would re-
ceive on her husband's death. After his death she paid the note from
such money *without undue influence from any one,* and afterward
knew of, and acquiesced in, the allowance of her claim against her
husband's estate for the money so paid.

    *Held,* that such payment must be held a voluntary one on her part.
and her bill filed to recover the money from said Hollister is dis-
missed, with costs.

Appeal from Superior Court of Grand Rapids. (Parrish,
J.) Argued June 23, 1887. Decided October 13, 1887.

The facts are stated in the opinion, and in opinion filed
April 18, 1886 (60 Mich. 470).

*Martha M. Tompkins, in pro. per.,* and *Edward Taggart,*
of counsel, for complainant.

*Gleason & Bundy, Moses Taggart,* and *L. W. Wolcott,* for
defendants.

MORSE, J. When this case first came before us, we decided
that, if the allegations of the complainant's bill were sus-
tained, she would be entitled to the relief prayed for therein.

A full statement of the main averments of the bill will be
found in the opinion then filed (60 Mich. 470).

After the remanding of the record to the court below, the

defendants answered, proofs were taken, and the case went to a hearing. With some reluctance the judge of the superior court of Grand Rapids, as appears from his opinion, which is made a part of the record, granted the complainant a decree. The defendants appeal.

Upon a careful examination of the evidence, we do not think her case is sustained by the proofs. The burden is upon her to establish the facts alleged in her bill.

In the first place, we are satisfied that she freely executed the note for $4,000, which is the basis of her claim for relief, and knew fully what it was given for; and that both she and her husband understood and intended that it should be paid out of the insurance money which upon Ball's death would be payable to her.

It also appears beyond question that the note represented in part moneys that Ball was honestly owing to Hollister or the bank, and in part moneys to be thereafter advanced by them for the use and benefit of Ball and his family. It is undisputed that about $1,500 of the consideration of this note was paid to Ball, or for his benefit, between the date of its execution and his death.

It also appears that she made the first payment upon the note of her own accord, and in the absence of Mr. Hollister, to Mr. Barnett, the vice-president of the bank. She went there with the draft, and asked him to take it and indorse it upon her note.

We are not satisfied that Mr. Hollister said or did anything to mislead her in relation to her liability upon this note. It is true he did not acquaint her with her rights in the premises. He claims he did not know that she was not bound; but, be that as it may, his silence alone under the circumstances would not entitle her to relief.

As the case stood upon the bill, he told her it was her debt, when he knew better, and secured her funds, and himself paid the note out of the same against her wishes. We held there that there was something more than silence in the case; that he not only suppressed the truth for his own advantage and benefit, but asserted clearly to her that it was her debt, thus taking active measures to defraud her.

There is no such case in the proofs. As the evidence appears to us, she knew what the note was given for, and how it was to be paid. She knew also that every dollar of it represented money that her husband and his family had received when their need of it was urgent and almost imperative. She freely took the insurance funds, and paid the note as her husband wished, and without undue influence from Hollister or any one.

She knew of, and acquiesced in, the filing of her claim against the estate for the amount she paid upon the note; and not until she married again, and her present husband took charge of her business, did she find any fault with the arrangement.

It seems also that the estate of her first husband is solvent, and that her claim against the estate is good. She has, in fact, lost nothing by her action in paying the note, except the costs of a litigation into which she was no doubt overpersuaded.

Her payment of the note must be held a voluntary one.

The decree of the court below is reversed, with costs, and the bill of complaint dismissed.

CAMPBELL, C. J. concurred. SHERWOOD, J. I concur in the result. CHAMPLIN, J. did not sit.